## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| | **CRIMINAL NO.  ELH-21-0470** |
| **v.** | |
| **NICHELLE HENSON,** | |
| **Defendant.** | |

### GOVERNMENT'S MOTION FOR PROTECTIVE ORDER

Comes now the United States of America, by and through Erek L. Barron, United States Attorney for the District of Maryland, and Darryl L. Tarver and Joyce K. McDonald, Assistant United States Attorneys, and moves the Court for a Protective Order which will govern the discovery that has already been provided by the government, and any forthcoming discovery, to Standby Counsel for the Defendant while the Defendant represents herself. In support of this Motion, the United States shows as follows:

1.    Through counsel, the Defendant stated that she wished to represent herself *pro se*. The Court promptly held a hearing on this issue pursuant to *Faretta v. California*, 422 U.S. 805 (1975); *United States v. Frazier-El*, 204 F.3d 553, 558 (4th Cir. 2000).  The Court ruled that the Defendant could represent herself but was required to have Standby Counsel and then appointed Standby Counsel.

2.    During the period of time when the Defendant was represented by appointed counsel, discovery proceeded pursuant to the Court's Standing Order 2020-01, Misc. No. 00-308, and a consent protective order.  ECF 18.

3.    The government provided Rule 16, Fed.R.Crim.P., in four tranches identified as E01, E02, E03 and E04.  The government consented to the defense request that counsel be

permitted to provide portions of E01, E02, and E03[1] to the Defendant for her to possess and review outside the presence of defense counsel where those portions did not contain third-party personal identifying information ("PII").[2]  The Court required defense counsel to password protect any records provided to the Defendant, to maintain a record of what was provided to the Defendant, and to use the material only in defense of the case.  ECF 18; *See* ECF 17-1 for the list of materials covered by the agreement.

  4. The Consent Protective Order did not apply to E04, which consists of forensic images of electronic devices seized pursuant to search warrants executed at the Defendant's home and business addresses.  Those records have been uploaded to a Relativity database, and the Defendant's access to them is governed by the Court's Standing Order 2020-01, Misc. No. 00-308.  Pursuant to the terms of that Order, the Defendant may review the records at any time or place with counsel (formerly defense counsel and now with Standby Counsel) but is not permitted to possess them for herself.

  5. The government objects to the Defendant's possession of E04 for her use.  E04 contains personal identifying information ("PII") of others, namely, clients of the Defendant's tax preparation business, which cannot be easily segregated or removed.  Creating a scrubbed database for the Defendant would be expensive and time-consuming.

  6. The Court should also consider that the government does not possess the same version of E04 that was provided to defense counsel.  The Defendant retained counsel when she became aware of the investigation, and she previously was represented by counsel in other

---

[1] There was no agreement among the parties with respect to providing any part of E04 to the Defendant.

[2] "Personal identifying information" is defined as an individual's date of birth, Social Security Number, home address, account numbers for bank, credit card, savings accounts and the like, and access codes such as PIN numbers.

matters.  The government provided E04 in its entirety to defense counsel **after** the Defendant's limited waiver of her attorney-client privilege with respect to previous attorneys.  The waiver extended only to defense counsel and provided defense counsel with the defendant's permission to review protected attorney-client communications.

7.      By contrast, the government had E04 taint-reviewed by an agent and Assistant United States Attorney who did not participate in the investigation, and only non-privileged communications were passed to the investigative team.  Government prosecutors and the agents working with them have thus seen a subset of E04 and not the entirety of E04.  There simply are not the resources available to scrub E04 in its entirety to remove third-party personal identifying information just so the Defendant may personally possess E04.

8.      The government accordingly moves that ECF 18 continue in full force and effect. Defendant may continue to possess and use the majority of E01, E02, and E03 as described in ECF 18. The Defendant may review the limited portions of E01, E02, E03 which contain PII of third parties with Standby Counsel at any time or place but will not be permitted to possess those limited portions of E01, E02, E03. The Defendant may review E04 with Standby Counsel at any time and place but may not possess E04 exclusively.

A proposed Order has been attached for the convenience of the Court.

Respectfully submitted,

Erek L. Barron
United States Attorney
/s/

Darryl L. Tarver
Joyce K. McDonald
Assistant United States Attorneys
4th Floor, 36 South Charles Street
Baltimore, MD 21201

CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2023, I served a copy of the foregoing Government's Motion for a Protective Order and Proposed Order through the Court's electronic filing system and by email on 3239incrediblesolutions@gmail.com.

_____
Darryl L. Tarver
Assistant United States Attorney