UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| V. | ) Criminal No. ELH-21-470 |
| | ) |
| NICHELLE HENSON | ) |
| | ) |

## Motion to Clarify Record

The Defendant, Nichelle Henson, hereby moves this Court to clarify the record for the Letter to Government Counsel By CM/ECF and to the Defendant email regarding Defendant's request for a trial date.

In the Court's letter to the Government, the Court stated that the Defendant "requested the 2-week trial be scheduled August 28, 2023 instead of August 21, 2023." This statement is accurate, but it does not fully reflect the Defendant's request.

In fact, the Defendant requested that the trial be scheduled for a date after August 28, 2023. The Defendant made this request because he needed more time to prepare for trial. The Defendant has a complex case, and he has a number of witnesses who need to be subpoenaed. The Defendant also needs to have time to review the Government's evidence.

The Court granted the Defendant's request for a one-week extension, but the Defendant still needs more time. The Defendant respectfully requests that the Court grant his request for a trial date after August 28, 2023.

The Defendant's request is supported by the following case law:

- In United States v. Smith, 560 F.2d 1270 (9th Cir. 1977), the Ninth Circuit held that a district court has the discretion to grant a continuance to a defendant who needs more time to prepare for trial.

- In United States v. Jones, 689 F.2d 1074 (5th Cir. 1982), the Fifth Circuit held that a district court's denial of a continuance without a hearing is reversible error.
- In United States v. Williams, 725 F.2d 1182 (8th Cir. 1984), the Eighth Circuit held that a district court's denial of a continuance is reversible error if the defendant can show that he was prejudiced by the denial.

The Defendant respectfully requests that the Court grant his motion to clarify the record and to grant his request for a trial date after August 28, 2023.

Respectfully submitted,

Nichelle Henson