UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| V. | )    **Criminal** No. ELH-21-470 |
| | ) |
| NICHELLE HENSON | ) |
| | ) |

## Bill of Exceptions

The Defendant, Nichelle Henson, hereby files this Bill of Exceptions to the Order of the Court dated 04/25/2023.

Paragraph 2 of the Order states that the Court has appointed standby counsel for the Defendant. The Defendant objects to this appointment on the following grounds:

- The appointment of standby counsel violates the Defendant's right to self-representation.

- The appointment of standby counsel will make it difficult or impossible for the Defendant to have equitable or equal access to material information pertinent to the Defendant's preparation of his case.

- The appointment of standby counsel will hinder the Defendant's ability to prepare for trial.

The Defendant's right to self-representation is guaranteed by the Sixth Amendment to the United States Constitution. The Sixth Amendment provides that "in all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense."

The appointment of standby counsel interferes with the Defendant's right to self-representation in two ways. First, standby counsel will have the authority to advise the Defendant on legal matters. This advice may be contrary to the Defendant's own wishes

and may undermine the Defendant's ability to make his own decisions about his case. Second, standby counsel will have the authority to speak on the Defendant's behalf in court. This authority may prevent the Defendant from speaking for himself and from presenting his own case to the jury.

The appointment of standby counsel will also make it difficult or impossible for the Defendant to have equitable or equal access to material information pertinent to the Defendant's preparation of his case. Standby counsel will have the authority to review all of the Defendant's files and to speak with all of the Defendant's witnesses. This authority will give standby counsel an unfair advantage over the Defendant and will make it difficult or impossible for the Defendant to prepare his case effectively.

Finally, the appointment of standby counsel will hinder the Defendant's ability to prepare for trial. The Defendant will be forced to share his time and attention with standby counsel, and he will not be able to focus on his own defense. This will make it more difficult for the Defendant to prepare his case and to present his best defense to the jury.

For all of these reasons, the Defendant objects to the appointment of standby counsel.

Paragraph 3 of the Order states that the Defendant "asserts that she anticipates hiring her own standby counsel." The Defendant objects to this characterization of her statement. The Defendant did not assert that she would hire standby counsel. Rather, the Defendant stated that she would hire an attorney if necessary "for the purpose of communicating with the government."

The Defendant's statement is accurate. The Defendant does not need or want standby counsel. However, the Defendant may need to hire an attorney to communicate with the government. The government has a history of refusing to provide information to the Defendant, and the Defendant may need an attorney to help him obtain the information he needs to prepare his case.

For all of these reasons, the Defendant respectfully requests that the Court vacate its Order appointing standby counsel and that the Court allow the Defendant to represent himself.

Respectfully submitted,

Nichelle Henson

Case Law

- Faretta v. California, 422 U.S. 806 (1975)
- Godinez v. Moran, 509 U.S. 429 (1993)
- Martinez v. Court of Appeals of California, 528 U.S. 152 (2000)