IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>NICHELLE HENSON,<br><br>Defendant. | Crim. No.: MJM-21-470 |

### ORDER

This matter came before the Court for a pretrial motions hearing on April 22, 2024. The Court has considered defendant Nichelle Henson's Motion to Dismiss (ECF Nos. 102), reply and supplemental materials in support of the Motion to Dismiss (ECF Nos. 104, 106, 111 & 115), "Request for Leave to File a Bill of Particulars"[1] (ECF No. 105), and "Request for Reasonable Accommodation" (ECF No. 107), as well as the government's response in opposition to the Motion to Dismiss (ECF No. 108).

Regarding the Motion to Dismiss, the Court finds that the defendant has failed to identify or demonstrate an irregularity in grand jury proceedings or related investigation that substantially influenced the grand jury's decision to indict. *See Bank of Nova Scotia v. United States,* 487 U.S. 250, 256 (1988). She has further failed to make a showing sufficient to give the Court doubt that the decision to indict was free from the substantial influence of any irregularity in grand jury proceedings. *Id*. Dismissal of the indictment is therefore unwarranted. Furthermore, the defendant has failed to demonstrate entitlement to the discovery she requests because she has not shown any

---

[1] Because the defendant requests certain categories of information from the government, the Court construes the request as one for an order directing the government to file a bill of particulars.

particularized need for grand jury transcripts,[2] failed to present objective evidence tending to show the existence of prosecutorial misconduct or bad faith or discriminatory intent or effect in the government's exercise of prosecutorial discretion. *See United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 443 (1983); *United States v. Wilson*, 262 F.3d 305, 314–16 (4th Cir. 2001); *United States v. Venable*, 666 F.3d 893, 900 (4th Cir. 2012), *as amended* (Feb. 15, 2012).

The defendant has also failed to provide any legal justification for suppression of evidence not addressed in prior Orders of the Court. However, the Court will permit the defendant to file a motion requesting relief from any alleged defects in *ex parte* orders for disclosure of tax information related to this case, and the government may oppose the motion. To date, this issue has not been adequately briefed. The parties are advised to file motions to seal any materials containing any personal identifying information, confidential information, or sealed matters.

Regarding the defendant's request for a bill of particulars, the Court finds that the indictment provides adequate notice as to the nature of the pending charges, and a bill of particulars is therefore unwarranted under Rule 7(f) of the Federal Rules of Criminal Procedure.

Regarding the defendant's "Request for Reasonable Accommodation," the Court finds most of the accommodations requested unnecessary. The defendant will be afforded opportunities to consult stand-by counsel and to request clarification as needed during future proceedings to the extent that any such consultations and requests do not disrupt the proceedings or cause undue delay.

---

[2] Counsel for the government stated on the record during the hearing on April 22, 2024, that it will timely comply with provisions of Standing Order 2020-01 regarding the disclosure of Jencks material, including any transcripts of grand jury testimony by witnesses who will be called to testify at trial.

Finally, during the hearing on April 22, 2024, the defendant made an oral request to postpone the deadline for motions in limine and to postpone the trial date. The motion to postpone the trial date will be denied, but the Court will extend the deadline for motions in limine.

For reasons explained above and on the record during the hearing on April 22, 2024, it is this 22nd day of April 2024, by the United States District Court for the District of Maryland,

ORDERED that the defendant's Motion to Dismiss (ECF No. 102) is DENIED; and it is further

ORDERED that the defendant's request for a bill of particulars (ECF No. 105) is DENIED; and it is further

ORDERED that the defendant's request for accommodations (ECF No. 107) is DENIED; and it is further

ORDERED that the defendant's oral request to postpone trial is DENIED; and it is further

ORDERED that any motion by the defendant seeking relief regarding any *ex parte* orders for disclosure of tax information[3] and any motions in limine or *Daubert* challenges by either party shall be filed no later than May 3, 2024; any responses shall be filed no later than May 17, 2024, and any replies shall be filed no later than May 31, 2024; and it is further

ORDERED that all remaining dates set in the Letter Order entered on January 3, 2024 (ECF No. 96) shall remain in force and effect.

          /S/                          
Matthew J. Maddox
United States District Judge

---

[3] Any memorandum in support of, or in opposition to, any such motion shall not exceed ten (10) pages in length. Any reply shall not exceed five (5) pages in length.