Rcv'd by: _____

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

V.

NICHELLE HENSON

Criminal No. MJM-21-470

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION TO RECUSE JUDGE

**COMES NOW,** the Defendant, Nichelle Henson, by and through her own pro se representation, and respectfully moves this Court to recuse Judge Matthew Maddox from presiding over this case.

**Introduction**

This Motion to Recuse Judge Matthew Maddox is based on the Defendant's well-founded fear of bias that has demonstrated a predisposition to favor the Government's position in this case and against the Defendant's ability to receive a fair trial. The Judge's statements and actions throughout the hearing create a reasonable appearance of bias and undermines the Defendant's right to a fair and impartial trial as guaranteed by the Sixth Amendment to the United States Constitution. The Judge's conduct during the April 22nd, 2024 hearing on the Defendant's Motion to Dismiss raises serious concerns about his impartiality.

**Factual Background**

On April 22, 2024, a hearing was held on the Defendant's Motion to Dismiss the Indictment. During the hearing, the Defendant argued that the Government violated her Fourth Amendment rights by obtaining her business loan applications without a search warrant. The Defendant further argued that the investigation launched based on the suspicion of a bank, without probable cause, amounted to prosecutorial misconduct. These arguments were supported by citations to relevant legal authorities, including the Justice Manual and Supreme Court case law.

**Evidence of Bias**

A review of the hearing transcripts reveals a concerning pattern of statements by Judge Matthew Maddox that demonstrate bias against the Defendant and a misunderstanding of the law.

**Specific examples include:**

**Questioning the Legality of Search Warrant Requirement:**

**Page 17:** The Judge questioned the Defendant's assertion of the Government's need for reasonable suspicion, implying a lower standard was sufficient.

**Page 18:** The Defendant explained the need for probable cause for a search warrant, yet the Judge denied the Motion to Dismiss.

**Page 19:** The Judge expressed confusion about the facts underlying the case, suggesting a lack of thorough review. The Judge exhibits a fundamental misunderstanding of the Fourth Amendment, confusing "suspicion" with "probable cause" for investigation.

**Mischaracterization of Legal Precedent:**

**Page 21:** The Judge disregarded the Defendant's interpretation of the Carpenter case and questioned her reasonable expectation of privacy. The Judge dismisses the Defendant's interpretation of relevant case law without proper consideration.

**Diminishing the Importance of Procedural Fairness:**

**Page 50:** The Judge downplayed the importance of the investigation's legality, focusing on the upcoming trial instead of potential prejudice. The Judge trivializes the Defendant's concerns about the investigation's legality, stating it's irrelevant to her guilt or innocence.

**Page 51:** Despite the Defendant's arguments, the Judge claimed he was not convinced the information was obtained illegally. The Judge disregards the Defendant's argument concerning the illegality of evidence obtained.

**Denial of Motion to Dismiss and Request for Continuance:**

**Page 73-74:** The Judge denied the Defendant's request for a trial postponement, citing a lengthy case pendency despite the Defendant's pro se status and limited preparation time.

These statements, combined with the Judge's ultimate denial of the Motion to Dismiss, create a strong impression that the Judge is predisposed to favor the Government and overlooks

the Defendant's legal arguments. These examples, along with the complete transcript attached as evidence, demonstrate a clear pattern of bias against the Defendant and her legal arguments. The Judge's misunderstanding of the law, coupled with his dismissive attitude towards the Defendant's Fourth Amendment rights, create a situation where a fair trial is impossible.

**Legal Argument**

A fair and impartial judge is essential to a just legal system. Due process requires that a judge recuse himself or herself when a reasonable person might question the judge's impartiality. The evidence presented above demonstrates a clear basis for such a belief in this case. A judge must recuse himself or herself from a case when a reasonable person, knowing all the circumstances, would harbor doubts about the judge's impartiality. 28 U.S.C. § 144. The appearance of bias is just as important as actual bias.

**Conclusion**

For the foregoing reasons, the Defendant respectfully requests that Judge Matthew Maddox recuse himself from presiding over this case. The Defendant is confident that another judge, free from any appearance of bias, can ensure a fair and just trial.

**Relief Requested**

      For the foregoing reasons, the Defendant respectfully requests that this Court:

1. Grant this Motion to Recuse and disqualify Judge Matthew Maddox from presiding over this case.

2. Assign this case to a new and impartial judge.

**Respectfully submitted,**

*Nichelle Henson*

**Affidavit and Certificate to certify**

I, Nichelle Henson, hereby state under oath and hereby swear under penalty of perjury, depose and state as follows:

1. I am the Defendant in the above-entitled action.

2. That the foregoing Motion to Recuse Judge Matthew Maddox is true and correct to the best of my knowledge and belief.

3. Furthermore, I state that this Motion is made in good faith and not for purposes of delay.

4. I fear that I will not receive a fair trial if Judge Matthew Maddox continues to preside over this case.

Nichelle Henson

**Sworn to and subscribed before me this** _12th_ **day of** _June_ **, 2024.**

**Notary Public Signature:** _Teia Pittman_

**Notary Public Printed Name:** _Teia Pittman_

**My Commission Expires:** _July 13, 2024_

TEIA CHANEL PITTMAN
NOTARY PUBLIC
BALTIMORE CITY, MD