**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **UNITED STATES** | * * * * * |
| **VS.** | * * |
| **NICHELLE HENSON** | * * * * |

* * * * * * * * * * * * * * * * * * * * * * * 400,000,000* * * * * * *

**MOTION TO RESCIND SBA LOAN AGREEMENT AND PRETRIAL SERVICES CONTRACT DUE TO BREACH OF CONTRACT, FRAUDULENT MISREPRESENTATION, UNDISCLOSED SALE OF LOAN NOTES, AND VIOLATIONS OF DUE PROCESS**

**COMES NOW**, Defendant **Nichelle Henson**, appearing **pro se**, and respectfully moves this Honorable Court to rescind both the **Small Business Administration (SBA) loan agreement** issued under the **Paycheck Protection Program (PPP) and/or Economic Injury Disaster Loan (EIDL)** and the **Pretrial Services contract**, on the grounds that both agreements were **fraudulently induced, breached by the government, and made null and void due to material non-disclosures, violations of due process, and constitutional infringements**. In support of this motion, Defendant states as follows:

**I. INTRODUCTION**

1. Defendant was approved for a **PPP/EIDL loan**, administered by the SBA and issued through an approved lender.

1

2. Defendant was also **placed under pretrial supervision as a condition of release**, which constitutes a contractual agreement between Defendant and Pretrial Services.

3. The SBA's actions, including **material breaches of contract, failure to follow its own regulations, and misrepresentation of essential terms**, render the loan agreement **unenforceable** and provide Defendant with the right to **rescind the agreement**.

4. The SBA also **failed to disclose that it was selling loan notes on the secondary market**, which constitutes **a material breach of contract and a violation of the Truth in Lending Act (TILA) (15 U.S.C. § 1635)**, as it deprived Defendant of the right to make an informed financial decision.

5. Similarly, **Pretrial Services failed to disclose material terms**, misrepresented obligations imposed on Defendant, and operated outside the bounds of federal law, thereby invalidating the pretrial contract.

6. Defendant now seeks to **rescind both agreements** on the grounds of **breach of contract, fraudulent misrepresentation, constitutional violations, and due process violations**.

## II. LEGAL BASIS FOR RESCISSION

**A. Breach of Contract by the SBA (Restatement (Second) of Contracts § 237)**

7. The **SBA was contractually obligated** to process and administer the PPP/EIDL loan in accordance with **13 C.F.R. Part 120** and the governing CARES Act provisions.

8. The SBA failed to adhere to these obligations by:

    - **Failing to provide clear eligibility guidance**, resulting in Defendant's reasonable misunderstanding of loan terms.

- **Misrepresenting the terms of forgiveness and repayment**, which were changed after the loan was disbursed.

- **Failing to process the loan in accordance with uniform standards**, causing arbitrary and inconsistent application of program rules.

- **Selling the loan note to third parties without Defendant's knowledge or consent**, which constitutes a material breach of contract and unfair financial dealing.

9. Under **contract law**, when one party materially breaches a contract, the non-breaching party has the right to **rescind** the agreement and be restored to their original position. See **Restatement (Second) of Contracts § 237**.

## B. Fraudulent Inducement & Misrepresentation (UCC § 2-721) - SBA and Pretrial Services

10. The **SBA and/or its approved lender made material misrepresentations** that induced Defendant to accept the loan under false pretenses. Similarly, **Pretrial Services misrepresented conditions of supervision** and withheld information that would have impacted Defendant's consent to the agreement.

11. Specifically:

- Defendant was led to believe that **unfiled tax documents were permissible** for loan approval.

- The SBA initially stated that **certain business expenses were covered**, then later claimed those same expenses were prohibited.

3

- The **failure to disclose that the SBA was selling loans to investors on the secondary market deprived Defendant of their financial autonomy** and concealed material risks associated with the loan.

- Pretrial Services **failed to disclose** that compliance obligations could be expanded without judicial oversight, violating due process.

12. Under **UCC § 2-721**, when a contract is induced by **fraudulent or materially misleading statements**, the aggrieved party has the **right to rescind**.

## C. Violation of Due Process & Pretrial Services Misconduct

13. The **pretrial services agreement operates as a contract**, which can only be enforced if entered into voluntarily, knowingly, and without material non-disclosures.

14. Pretrial Services violated Defendant's **due process rights** by:

    - **Failing to disclose that additional restrictions could be imposed without judicial review.**

    - **Failing to disclose that compliance could be expanded beyond the original agreement terms.**

    - **Imposing conditions outside the scope of constitutional due process protections.**

15. These material failures make the Pretrial Services contract **unenforceable and void**, granting Defendant the right to rescind.

16. Under **Morrissey v. Brewer, 408 U.S. 471 (1972)**, due process requires **notice and an opportunity to contest changes in pretrial conditions**.

**D. Unjust Enrichment and Abuse of Authority**

17. The SBA, while claiming to be the victim of fraud, **personally profited** by selling loan notes on the secondary market.

18. The government and Pretrial Services engaged in actions that **violated due process, improperly expanded supervision obligations, and misrepresented material facts**.

19. These violations constitute **unjust enrichment**, as the SBA **financially benefited from misrepresentations while prosecuting borrowers under misleading pretenses**, and Pretrial Services **operated outside the boundaries of lawful enforcement.**

20. The **government's continued prosecution under these circumstances represents an abuse of discretion and a deprivation of constitutional rights, warranting immediate relief.**

## III. REQUEST FOR RELIEF

WHEREFORE, Defendant respectfully requests that this Honorable Court:

1. **Declare the SBA loan agreement rescinded**, releasing Defendant from any repayment obligations.

2. **Declare the Pretrial Services agreement rescinded**, releasing Defendant from all obligations associated with pretrial supervision.

3. **Order the SBA and/or its approved lender to cease collection efforts** related to the loan.

4. **Declare that any reported delinquency, default, or fraud allegations arising from the loan be expunged** from Defendant's financial records.

5. **Hold that the SBA's undisclosed sale of loan notes violated TILA and constituted a breach of contract**.

6. **Order that Pretrial Services cease all enforcement actions against Defendant.**

7. **Declare that the government's continued pursuit of these charges despite their own misrepresentations constitutes an abuse of discretion.**

8. **Award any other relief that the Court deems just and proper.**

Defendant reserves the right to submit additional evidence in support of this motion and to supplement legal arguments based on further discovery.

**Respectfully submitted,**

**Nichelle Henson, Pro Se**