

U.S. Department of Justice

United States Attorney
District of Maryland

*Paul Riley*
*Assistant United States Attorney*
*Paul.Riley@usdoj.gov*

*Suite 400*
*36 S. Charles Street*
*Baltimore, MD 21201-3119*

DIRECT: 410-209-4959
MAIN: 410-209-4800
FAX: 410-962-3091

March 2, 2025

<u>**VIA ECF**</u>

The Honorable Matthew J. Maddox
United States District Judge
United States Courthouse
101 West Lombard Street
Baltimore, MD 21201

Re:   *United States v. Nichelle Henson*, MJM-21-470 – Response to Motion to Dismiss

Dear Judge Maddox:

  We write on behalf of the Government in the above-referenced matter to respond briefly to Defendant's Motion to Dismiss (the "Motion") filed on February 27, 2025.  ECF No. 192.  The Motion should be denied.

  As an initial matter, the Motion should be denied because it is untimely.  As the Court recently put it, the Court "ordered the Government to produce its trial exhibits to Ms. Henson several months in advance of trial and, upon Ms. Henson's request, continued the trial date by several months—both to ensure that she enjoyed a full and fair opportunity to prepare for her trial and to lodge any pretrial objections or supplemental motions in limine."  ECF No. 179 at 4.  The Court set a deadline of December 6, 2024 for the filing of supplemental motions *in limine*.  ECF No. 168.  Despite this, Defendant did not do so—instead filing the instant Motion on the eve of trial, months after the Court's deadline, just days before the trial in this case is set to commence.  Defendant does not even attempt to articulate good cause sufficient to justify her non-compliance with the Court's deadlines.  She cannot.  The untimeliness of Defendant's submission—without good cause—alone provides a sufficient basis to the deny the Motion.

  The Motion should likewise be denied because it merely rehashes arguments that the Court has already considered and rejected and attempts to relitigate rulings that are now the law of the case.  This is not the first time Defendant has taken this tack.  *See generally* ECF No. 108 (Gov't Response) at 8-14.  Simply put, the Motion should be denied for all of the same reasons that the Court denied Defendant's previous barrage of motions orally during previous Court proceedings.  *See* Apr. 22, 2024 Tr. at 60-72; *see also* June 24, 2024 Tr. at 81 ("[Y]ou talk about the warrantless requests for disclosure of SBA loan applications. I think I touched on this earlier. A warrant is not required for the Government to acquire SBA loan applications. So that's not a basis for suppression. It's not a basis for exclusion from evidence. The SBA documents are obviously relevant."); ECF No. 157 (Order dated June 24, 2025) at 4-5.  For these reasons and because Defendant has not

identified any "newly acquired evidence"[1]—nor any pertinent law—that supports her position, the Motion should be denied.

                                            Respectfully submitted,

                                            Philip A. Selden
                                            Acting United States Attorney

                                            _____/s/_____
                                            Paul A. Riley
                                            Joseph L. Wenner
                                            Assistant United States Attorneys

cc:    Nichelle Henson (via email)
       Justin Brown, Standby Counsel (via ECF and email)

---

[1] Defendant does not even attempt to explain how the items she has attached to the Motion support her position. They do not.